T.C. Memo. 2003-243

UNITED STATES TAX COURT

JAMES E. WELLS, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 19467-97.               Filed August 13, 2003.

James E. Wells, pro se.

<u>Jason W. Anderson</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

CHIECHI, <u>Judge</u>:  Respondent determined the following defi-
ciencies in, additions under section 6653(b)[1] to, and fraud
penalty under section 6663(a) on, petitioner's Federal income tax

---

[1]All section references are to the Internal Revenue Code in
effect for the years at issue.  All Rule references are to the
Tax Court Rules of Practice and Procedure.

(tax):

|  |  |  | Additions to Tax |  | Fraud Penalty |
|---|---|---|---|---|---|
| Year | Deficiency | Sec. 6653(b)(1)(A) | Sec. 6653(b)(1)(B) | Sec. 6653(b)(1) | Sec. 6663(a) |
| 1987 | $24,505 | $18,379 | [1] | -- | -- |
| 1988 | $11,450 | -- | -- | $8,588 | -- |
| 1989 | $13,257 | -- | -- | -- | $9,943 |

[1] 50% of interest due on $24,505

The only issue remaining for decision[2] is whether petitioner is entitled to a credit for the $65,000 that he forfeited to the United States.  We hold that he is not.

## FINDINGS OF FACT

Some of the facts have been stipulated and are so found.

At the time petitioner filed the petition in this case, he resided in Rochester, Minnesota.

On a date not disclosed by the record, the United States Attorney for the Northern District of Illinois (U.S. Attorney) instituted a criminal proceeding against petitioner (petitioner's criminal proceeding) and charged him in a document entitled "SUPERSEDING INFORMATION" (superseding information) with four counts (four counts) alleging violations of 18 U.S.C. sec. 666 (bribery), 18 U.S.C. sec. 844(i) (arson), 18 U.S.C. sec. 1344 (bank fraud) and 26 U.S.C. sec. 7201 (income tax evasion).  The U.S. Attorney further charged petitioner in the superseding

---

[2]Petitioner concedes all the determinations in the notice of deficiency.

information as follows:

1. From on or about April 8, 1991 through April 11, 1991, at Chicago * * * defendant JAMES E. WELLS knowingly and intentionally, for the purpose of evading the filing with the Internal Revenue Service of a Currency Transaction Report (IRS Form 4789), as required by Title 31, United States Code, Section 5313(a), structured and assisted in structuring, and attempted to structure and assist in the structuring, of a transaction with domestic financial institutions, namely, by cashing twenty simultaneously-purchased and sequentially-numbered cashier's checks, each drawn on Bell Federal Savings in the amount of $2,000 and payable to defendant JAMES E. WELLS, at the following domestic financial institutions in the following amounts on or about the dates cited:

| Date | Amount | Financial Institution |
|------|--------|----------------------|
| 4/8/91 | $10,000 | New Rush Street Currency Exchange |
| 4/9/91 | 10,000 | New Rush Street Currency Exchange |
| 4/9/91 | 4,000 | New Milwaukee-Ogden Currency Exchange |
| 4/9/91 | 4,000 | Columbia Currency Exchange |
| 4/10/91 | 2,000 | New Milwaukee-Ogden Currency Exchange |
| 4/11/91 | 10,000 | New Milwaukee-Ogden Currency Exchange; |

In violation of Title 31, United States Code, Sections 5324(3) and 5322(a).

2. From on or about April 12, 1991 through April 19, 1991, at Chicago * * * defendant JAMES E. WELLS knowingly and intentionally, for the purpose of evading the filing with the Internal Revenue Service of a Currency Transaction Report (IRS Form 4789), as required by Title 31, United States Code, Section 5313(a), structured and assisted in structuring, and attempted to structure and assist in the structuring, of a transaction with domestic financial institutions, namely, by cashing five simultaneously-purchased and sequentially-numbered cashier's checks, each drawn on National Security Bank in the amount of $5,000 and payable to defendant JAMES E. WELLS, at the following domestic financial institutions in the following

amounts on or about the dates cited:

| Date | Amount | Financial Institution |
|------|--------|----------------------|
| 4/12/91 | $5,000 | National Security Bank |
| 4/16/91 | 10,000 | New Milwaukee-Ogden Currency Exchange |
| 4/19/91 | 10,000 | New Milwaukee-Ogden Currency Exchange; |

In violation of Title 31, United States Code, Sections 5324(3) and 5322(a).

3.    From on or about April 8, 1991 to on or about April 19, 1991, defendant JAMES E. WELLS engaged in the above-described conduct in violation of Title 31, United States Code, Section 5324(3), thereby subjecting to forfeiture to the United States, pursuant to Title 18, United States Code, Section 982(a)(1) and Title 21, United States Code, Section 853(a)(2) and (p)(5), the following property and interests:

All of the defendant's property used and intended to be used in any manner or part to commit or to facilitate the commission of defendant's violations of Title 31, United States Code, Section 5324(3).

Specifically, this includes the following: $65,000 of the approximately $105,145 in cash recovered from  personal belongings of defendant JAMES E. WELLS at the time of his arrest by officers of the Sarasota Police Department on or about November 16, 1991.

In violation of Title 21, United States Code, Section 853(a)(2) and (p)(5).

On April 22, 1993, petitioner and petitioner's attorney James I. Marcus (Mr. Marcus) entered into a plea agreement (petitioner's plea agreement) with the U.S. Attorney.  Petitioner's plea agreement stated in pertinent part:

This Plea Agreement is entirely voluntary and represents the entire agreement between the United States Attorney and defendant regarding defendant's criminal liability in * * * [petitioner's criminal

proceeding].

This Plea Agreement concerns criminal liability only, and nothing herein shall limit or in any way waive or release any administrative or judicial civil claim, demand or cause of action, whatsoever, of the United States or its agencies. Moreover, this Plea Agreement is limited to the United States Attorney's Office for the Northern District of Illinois and cannot bind any other federal, state or local prosecuting, administrative or regulatory authorities except as expressly set forth in this Plea Agreement.

*       *       *       *       *       *       *

4.    Defendant will enter a voluntary plea of guilty to the superseding information in this case.

5.    Defendant will plead guilty because he is in fact guilty of the charges contained in the superseding information. In pleading guilty, defendant admits the following facts and that those facts establish his guilt beyond a reasonable doubt * * *

*       *       *       *       *       *       *

15.    Nothing in this Plea Agreement shall limit the Internal Revenue Service in its collection of any taxes, interest or penalties from defendant, or defendant's partnership or corporations. Defendant understands that the amount of tax as calculated by the Internal Revenue Service may exceed the amount of tax due as calculated for the criminal case.

*       *       *       *       *       *       *

22.    Defendant acknowledges that the property identified in the forfeiture allegation contained in the information in this case constitutes substitute assets for the structured cash transactions described in that forfeiture allegation. Defendant further agrees to the entry of an order forfeiting any interest defendant may hold in the property identified in the forfeiture allegation of the information in this case.

*       *       *       *       *       *       *

25.    Defendant and his attorney acknowledge that

no threats, promises, or representations have been
made, nor agreements reached, other than those set
forth in this Plea Agreement, to cause defendant to
plead guilty.

On June 24, 1994, the United States District Court for the
Northern District of Illinois, Eastern Division, entered an order
and judgment (U.S. District Court judgment) in petitioner's
criminal proceeding.  The U.S. District Court judgment in peti-
tioner's criminal proceeding adjudged petitioner guilty of the
four counts alleged in the superseding information and also
ordered petitioner "to forfeit the following property to the
United States:  The amount of $65,000 to the United States".

On June 18, 1997, respondent issued to petitioner a notice
of deficiency (notice) with respect to his taxable years 1987,
1988, and 1989.  In that notice, respondent allowed no credit
against the deficiencies, additions to tax, and penalty that
respondent determined for those years (amounts due for the years
at issue) for the $65,000 forfeited to the United States pursuant
to the U.S. District Court judgment in petitioner's criminal
proceeding.

OPINION

Although not alleged in the petition, petitioner took the
position at trial and takes the position on brief that he is
entitled to a $65,000 credit (petitioner's claimed credit)
against the amounts due for the years at issue.  In support of
his position, petitioner relies on his testimony at trial that at

the time he signed petitioner's plea agreement he instructed his attorney Mr. Marcus to enter into an agreement with the U.S. Attorney to have petitioner's claimed credit applied against the amounts due for the years at issue. On brief, petitioner contends for the first time that he would not have entered into petitioner's plea agreement without having had an agreement with the U.S. Attorney to apply petitioner's claimed credit against the amounts due for the years at issue.

We are unwilling to rely on petitioner's testimony about an agreement with the U.S. Attorney to apply petitioner's claimed credit against the amounts due for the years at issue. Petitioner's testimony is contradicted by petitioner's plea agreement and the U.S. District Court judgment in petitioner's criminal proceeding. On the record before us, we find that petitioner is not entitled to petitioner's claimed credit.

We have considered all of the contentions and arguments of the parties that are not discussed herein, and we find them to be without merit, irrelevant, and/or moot.[3]

---

[3]Respondent argues that, even if the Court were to find that there was an agreement with the U.S. Attorney to have petitioner's claimed credit applied against the amounts due for the years at issue, no such credit should be permitted. That is because, according to respondent, a line of cases including Tank Truck Rentals, Inc. v. Commissioner, 356 U.S. 30 (1958), King v. United States, 152 F.3d 1200 (9th Cir. 1998), Wood v. United States, 863 F.2d 417 (5th Cir. 1989), and United States v. Algemene Kunstzijde Unie, N.V., 226 F.2d 115 (4th Cir. 1955), has held that allowing that type of credit would be against public
(continued...)

To reflect the foregoing and the concessions of petitioner,

<u>Decision will be entered for</u>

<u>respondent</u>.

---

[3](...continued)
policy.  We shall not address respondent's argument in light of our finding that petitioner did not have an agreement with the U.S. Attorney to apply petitioner's claimed credit against the amounts due for the years at issue.